IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN J. HARRIS, SR., | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-22-70-RAW-KEW |
| SCOTT NUNN, | ) |
| Respondent. | ) |

**BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**

Comes now Respondent, by and through the Attorney General of the State of Oklahoma, John M. O'Connor, and respectfully asks that the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be dismissed as untimely. Respondent moves pursuant to this Court's February 28, 2022 directive to file a motion to dismiss or answer to the petition. (Doc. 7). As Respondent will explain, the instant petition comes to this Court nearly two decades beyond the limitations period afforded by 28 U.S.C. § 2244(d)(1). Thus, Respondent respectfully asks this Court to grant his motion to dismiss.

**PROCEDURAL HISTORY**

Steven Jermaine Harris, Sr., hereinafter referred to as Petitioner, pled guilty to two counts of first degree murder, in violation of OKLA. STAT. tit. 21, § 701.7 (Supp. 1998), in Muskogee County Case No. CF-2000-966. (Judgment and Sentence in Muskogee County Case No. CF-2000-966, Exhibit 1). The district court accepted his pleas, and sentenced Petitioner to life imprisonment for each count; both counts run consecutively. (Exhibit 1). Petitioner did not seek to withdraw his pleas, nor did he otherwise attempt to appeal his convictions and sentences. (Docket Sheet for Muskogee County District Court Case No. CF-2000-966, Exhibit 2).

It was only after the United States Supreme Court decided *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), that Petitioner first sought relief. He filed his application for post-conviction relief in the Muskogee County District Court on May 25, 2021. (Application for Post-Conviction Relief, Exhibit 3). Therein, he argued that he "is a person other than Indian" and that the 1866 treaty between the United States and the Muscogee Nation rendered Oklahoma's courts without jurisdiction to try him. (Exhibit 3 at 3).[1] The district court issued an order denying relief on June 22, 2021, finding that "Petitioner has stated that he is not an Indian and has not provided any supporting documentation or authority under which this Court could grant relief." (Order Denying Post-Conviction Relief, Exhibit 4 at 2). The Oklahoma Court of Criminal Appeals ("OCCA") affirmed through a summary order on October 15, 2021. (*Harris v. State*, OCCA Case No. PC-2021-690 (Okla. Crim. App. Oct. 15, 2021)(unpublished), Exhibit 5).

Petitioner filed the instant petition on February 22, 2022. (Doc. 1). This Court issued an order on February 28, 2022, directing Respondent to submit a response or motion to dismiss. (Doc. 7 at 1). Respondent now submits the instant brief in support of his contemporaneously filed motion to dismiss the petition as untimely.

## ARGUMENT AND AUTHORITY

This Court must dismiss the instant petition as untimely. Petitioner's sole ground for relief asserts that Oklahoma's courts lacked jurisdiction[2] over his case because of the treaty between the

---

[1] Respondent notes that Petitioner never alleges that either he or his victims were recognized as Indians at the time of the offenses. (Exhibit 3; Doc. 1 at 5). *See* 18 U.S.C. §§ 1151-53 (granting federal jurisdiction over crimes in Indian Country involving Indians).

[2] Petitioner frames the issue as a jurisdictional claim. (Doc. 1 at 4). But his claim is more accurately described as one that assails the State's prosecutorial authority, as Oklahoma's Courts enjoy unlimited subject matter jurisdiction and the Major Crimes Act, 18 U.S.C. § 1153 ("MCA"), does nothing to deprive the State of jurisdiction. Okla. Const. art. VII, § 7. *See also New York ex rel. Cutler v. Dibble*, 62 U.S. (21 How.) 366, 370 (1859)(The State possesses "the power of a

2

Muscogee Nation and the United States in 1866. (Doc. 1 at 5).[3] *See* Treaty with the Creek Nation of Indians, June 14, 1866, 14 Stat. 786. He believes that under "treaty provisions between Muscogee (Creek) Nation and the United States, jurisdiction over the Muscogee (Creek) Nation reservation lies with either the Tribe or the United States[.]" (Doc. 1 at 5). But as Respondent will explain, this petition comes nearly twenty years after his convictions became final, and Petitioner fails to show that any other commencement date applies here. And because this petition is untimely under 28 U.S.C. § 2244(d)(1)(A), Respondent respectfully asks this Court to dismiss the petition.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") gives state prisoners a one-year statute of limitations to seek a writ of habeas corpus from federal courts, running from the latest of four triggers:

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

sovereign over their persons and property" in Indian territory within state borders as necessary to "preserve the peace" and "protect [Indians] from imposition and intrusion."); *United States v. Tony*, 637 F.3d 1153, 1158-59 (10th Cir. 2011)(discussing Indian Country as a necessary element to prove a federal crime, not as jurisdictional). Accordingly, Respondent discusses Petitioner's claim as one assailing the State's prosecutorial authority. *See also Oklahoma v. Castro-Huerta*, ___ S. Ct. ___, 2022 WL 187939 (Mem)(granting *certiorari* on State's assertion of prosecutorial authority over non-Indian on Indian crimes in Indian Country).

[3] Citations to the habeas petition refer to the electronically stamped CM/ECF pagination, rather than the original page numbering.

28 U.S.C. § 2244(d)(1)(A-D). Also, any time while "a properly filed application for state post-conviction or other collateral review" is pending does not count against the one-year limitation. 28 U.S.C.§ 2244(d)(2). As Respondent will show, the instant petition is untimely and must be dismissed.

I. *McGirt* **does not offer viable commencement date under 28 U.S.C. § 2244(d)(1)(D).**

This Court must reject Petitioner's claim that his petition is timely under § 2244(d)(1)(D). In an effort to show the timeliness of his instant attempt to challenge his convictions from 2001 with a treaty from 1866, Petitioner claims that *McGirt* provided a new factual predicate.[4] *See* 28 U.S.C. § 2244(d)(1)(D). This claim fails for two reasons. First, while *McGirt* may have alerted Petitioner to the potential legal significance of the 1866 treaty between the United States and the Muscogee Nation, Petitioner could have discovered these facts through due diligence well before his convictions became final. Second, even if *McGirt* functioned in such a way, the claim is still untimely under 28 U.S.C. § 2244(d)(1)(D). So, § 2244(d)(1)(D) cannot render this petition timely.

A. *McGirt* **incapable of creating a new factual predicate for Petitioner's claim.**

In his attempt to show timeliness, Petitioner claims that he is "filing within one year that the… factual predicate of my claim (*See McGirt v. Oklahoma*, 140 S. Ct 2452 (2020))[.]" (Doc. 1 at 13). Of course, AEDPA does allow for a commencement date to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). But the focal point of analysis under § 2244(d)(1)(D) is not whether the petitioner understood the legal significance of any given fact; rather, focus lies with whether the petitioner knew of the facts underlying his claim or could have

---

[4] Petitioner does not claim any State action impeded filing. *See* 28 U.S.C. § 2244(d)(1)(B). Nor does he claim that *McGirt* announced a newly recognized constitutional right, made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C).

learned of those facts with the exercise of due diligence. *See Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (unpublished) (citing *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000)). *See also Donahue v. Harding*, 2021 WL 4714662, at *5 (W.D. Okla. September 15, 2021) (unpublished) ("[E]ven if the *McGirt* decision alerted Petitioner to the legal significance of his tribal membership and the location of the crimes, it does not trigger a new starting date under § 2244(d)(1)(D)."); *Barbre v. Whitten*, 2019 WL 3976518, at *2 (E.D. Okla. Aug. 22, 2019) (unpublished) ("Nothing in the *Murphy*[*v. Royal*, 875 F.3d 896, 921 (10th Cir. 2017)] case added anything to the factual basis of Petitioner's claim. At best, *Murphy* explained the potential legal significance of those facts.").[5] Indeed, to allow any new court decision to create a new "factual" predicate under § 2254(d)(1)(D) would create an end-run around § 2254(d)(1)(C), which creates a new triggering date only where the Supreme Court recognizes a new, retroactive constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). Analysis therefore turns on whether Petitioner was aware of the facts underlying his claim or could have learned those facts with the exercise of due diligence.

To that end, the Northern District of Oklahoma's application of § 2244(d)(1)(D) to similar facts is instructive here. In *Stiltner v. Nunn*, the petitioner contended *McGirt* gave rise to a new factual predicate, as state and federal authorities operated in a manner inconsistent with the Muscogee Reservation's continued existence. *Stiltner v. Nunn*, 2022 WL 951997, at *5 (N.D. Okla. March 29, 2022)(unpublished). The district court rejected this argument, observing that even if "*McGirt* decided a fact necessary to his claim—namely, the fact that the location where he committed his crimes is within the boundaries of the Muscogee (Creek) Nation Reservation—this argument ignores the remaining of language in § 2244(d)(1)(D)." *Id*.

---

[5] Unpublished decisions are cited here for persuasive use only, under Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

The commencement date under § 2244(d)(1)(D) is triggered when the factual predicate at issue "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In *Stiltner*, the district court concluded that "a reasonably diligent petitioner could have discovered facts pertinent to a claim challenging Oklahoma's criminal jurisdiction regarding crimes committed within the boundaries of the Muscogee (Creek) Nation even before *McGirt* was decided in 2020," and thus "§ 2244(d)(1)(D) does not provide Stiltner a later commencement date for his one-year limitation period." *Id*. Notably, the district court relied upon a review of *McGirt* and *Murphy* themselves, which "show that a reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt* was decided in 2020." *Id*. Indeed, the district court was correct in its observation that Patrick Murphy first submitted his challenge to the State's prosecutorial authority under the MCA in 2004. *Id*. (*citing Murphy*, 875 F.3d at 905-07). *Cf. Irons v. Estep*, 291 F. App'x 136, 138 (10th Cir. 2008) (unpublished) ("a lack of awareness of a claim does not necessarily mean that the claim was not discoverable.").

Like the petitioner in *Stiltner*, and Patrick Murphy years before, Petitioner's sole ground for relief here relies upon "treaties between [the] Muscogee (Creek) Nation and the United States[.]" (Doc. 1 at 5). It bears particular emphasis here that the treaty at issue here has existed in the public record for well more than a century. *See* Treaty with the Creek Nation of Indians, June 14, 1866, 14 Stat. 786. And, like the petitioner in *Stiltner*, Petitioner here was no less capable than Patrick Murphy was in 2004 to raise a challenge to the State's prosecutorial authority. *Cf. Stiltner*, 2022 WL 951997, *5. Petitioner cannot rely upon § 2244(d)(1)(D) to set a new commencement date because a reasonably diligent petitioner could have raised the instant claim well before his conviction became final in 2001.

### B. The petition is untimely, even if *McGirt* triggered a new commencement date.

This Court must still dismiss the petition as untimely, even if it were to find that § 2244(d)(1)(D) created a new commencement date. The Supreme Court announced *McGirt* on July 9, 2020. *McGirt*, 140 S. Ct. 2452. Presuming that such an announcement created a new commencement date, Petitioner would have had until July 9, 2021 to seek relief. 28 U.S.C § 2244(d)(1). *Cf. Jackson v. Saffle*, 27 F. App'x 420, 421 (10th Cir. 2002) (unpublished) (district court correctly applied one-year limitations period under § 2244(d)(1) from when factual predicate could have been discovered with due diligence). *See also United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)(applying anniversary method in calculating AEDPA's limitations period). The record shows that Petitioner first sought relief in the Muskogee County District Court on May 25, 2021. (Exhibits 2, 3). And because his post-conviction action tolled the limitations period, Petitioner enjoyed the remaining forty-five days after the conclusion of his post-conviction appeal to the OCCA to file with this Court. 28 U.S.C. § 2244(d)(2). So, from the issuance of the OCCA's opinion on October 15, 2021, Petitioner would have had forty-five days to seek relief with this Court, *i.e.*, on or before Monday, November 29, 2021. (Exhibit 5). The record is absent any intervening tolling actions between the issuance of the OCCA's October 15, 2021 order and the instant petition, filed on February 22, 2022. (Exhibit 2). So even if this Court applied Petitioner's requested commencement date, the petition would *still* be untimely and fit for dismissal.

### II.   The petition is time-barred under the appropriate limitations period, § 2244(d)(1)(A).

Petitioner equally fails to show that the instant petition is timely under the correct limitations period, running from the date his conviction became final in 2001. 28 U.S.C. § 2244(d)(1)(A). Under § 2244(d)(1)(A), a prisoner's statute of limitations runs from the conclusion of direct review. *Hurst*, 322 F.3d at 1260. Direct review does not conclude for the

purposes of § 2244(d)(1)(A) until the "availability of direct appeal to state courts, and to [the Supreme] Court, has been exhausted." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)(internal citations and quotations omitted). *See* Sup. Ct. R. 13(1)(providing 90 days after entry of the judgment to seek review with the United States Supreme Court). But in the context of a guilty plea, a petitioner's conviction becomes final ten days from the plea if a motion to withdraw plea is not timely filed. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006)(citing Rules 2.5(A) and 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App.). Here, the record shows that the instant petition comes nearly twenty years too late.

Petitioner pleaded guilty, and the district court sentenced him pursuant to those pleas on December 18, 2001. (Exhibit 1). Oklahoma law provided him ten days, *i.e.*, until December 28, 2001, before his conviction and sentence became final. *See Clark*, 468 F.3d at 713 (citing Rules 2.5(A) and 4.2(A)). The record is absent any such action. (Exhibit 2). AEDPA then afforded him a year, that is, until Friday, December 28, 2002, to seek habeas relief with this Court. *Hurst*, 322 F.3d at 1260. The instant petition, filed on February 22, 2022, comes to this Court nearly twenty years too late.

Nor can Petitioner show any tolling under § 2244(d)(2). To be sure, § 2244(d)(2) can toll the limitations period, but it cannot resuscitate an already-elapsed limitations period. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Review of the record shows the absence of any tolling events within the limitations period after his convictions became final on December 28, 2001. (Exhibit 2). Thus, Petitioner's May 25, 2021 post-conviction action is irrelevant to this Court's calculations.

Of course, courts may toll the limitation period for equitable reasons, but only where a petitioner has shown that he has diligently pursued his federal claims and that there were

8

extraordinary circumstances which prevented him from filing a timely petition. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). *See generally Holland v. Florida*, 560 U.S. 631, 645 (2010). And equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015)(quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)). The burden lies upon the Petitioner to make a specific showing that would justify this remedy. *Yang*, 525 F.3d at 928. Absent any such showing, this Court cannot grant equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)(describing equitable tolling's diligence and extraordinary circumstances requirements as "two elements").

There is nothing that approximates a request for equitable tolling in the instant petition. (Doc. 1). Nor is there anything to suggest that Petitioner was any less capable of formulating a claim similar to Patrick Murphy's, or Jimcy McGirt's, before the Supreme Court announced *McGirt*. *Cf. Stiltner*, 2022 WL 951997, at *5. *See also Burger v. Scott*, 317 F.3d 1133, 1143 (10th Cir. 2003)("A careful review of this evidence demonstrates that Burger did not sleep on his federal right, but rather believed his state petition was sufficient to begin the State's process of reviewing his claim, thus tolling the federal statute."). Petitioner fails to show, and the record fails to support, a claim that Petitioner has diligently pursued his rights and that there were extraordinary circumstances which prevented him from filing a timely petition. *Fleming*, 481 F.3d at 1254. Accordingly, this Court should not consider equitable tolling here.

Moreover, Petitioner's *McGirt* claim is, at best, a claim of legal innocence, not factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jones v. Pettigrew*, CIV-18-633-G, 2021 WL 3854755, at *4 (W.D. Okla. Aug. 27, 2021) (unpublished) (*McGirt*-based prosecutorial authority claims did not implicate actual innocence). So, Petitioner has not alleged actual innocence, let alone met the "demanding" standard of showing same. *House v. Bell*, 547

U.S. 518, 538 (2006). Just as with equitable tolling, Petitioner fails to claim—much less show any entitlement to—the actual innocence exception to AEDPA's limitations period.

In sum, the petition come to this Court well-beyond the period allowed under the applicable limitations period, as provided by § 2244(d)(1)(A). Nor can Petitioner point this Court to any relevant action that would trigger statutory tolling under § 2244(d)(2). And, finally, he fails to show any entitlement to equitable tolling or the actual-innocence gateway in this case. The petition here is therefore untimely and Respondent respectfully asks this Court to grant his motion to dismiss.

## **CONCLUSION**

For the forgoing reasons, Respondent respectfully asks this Court to dismiss the instant § 2254 petition as untimely.

Respectfully submitted,

**JOHN M. O'CONNOR
ATTORNEY GENERAL OF OKLAHOMA**

**s/ Caroline E.J. Hunt**
**CAROLINE E.J. HUNT, O.B.A. #32635
ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Fax: (405) 522-4534
**Service email: fhc.docket@oag.ok.gov**

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

X    I hereby certify that on April 19, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing [and a Notice of Electronic filing to the following ECF registrant(s)].

X    I hereby certify that on April 19, 2022, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

    Steven Jermaine Harris, Sr., DOC 415653
    James Crabtree Correctional Center
    216 N. Murray Street
    Helena, Oklahoma 73741-1017

                                     s/ Caroline E.J. Hunt