#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STEVEN JERMAINE HARRIS, SR,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 22-070-RAW-KEW |
| | ) |
| **CARRIE BRIDGES, Warden,** | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as barred by the statute of limitations (Dkt. 11). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction in Muskogee County District Court Case No. CF-2000-966 for two counts of Murder in the First Degree. Petitioner raises one ground for habeas relief in his petition:

> The trial court lacked jurisdiction because of provisions in treaties between Muskogee (Creek) Nation and the United States. Petitioner was accused of and convicted of a crime that occurred within the boundaries of the Muskogee (Creek) Nation. According to treaty provisions between Muskogee (Creek) Nation and the United States, jurisdiction over the Muskogee (Creek) Nation reservation lies with either the Tribe or the United States.

(Dkt. 3 at 5).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). Petitioner has not filed a response to Respondent's motion.

**I.  Statute of Limitations**

Respondent alleges Petitioner's habeas petition should be dismissed as time barred pursuant to 28 U.S.C. § 2254(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that after he entered his blind pleas of guilty, Petitioner's Judgment and Sentence was entered on January 2, 2002 (Dkt. 12-1). The docket sheet for his state court proceedings shows he did not seek to timely withdraw his guilty pleas or seek a *certiorari* appeal to the Oklahoma Court of Criminal Appeals (Dkt. 12-2). Therefore, his conviction became final on January 14, 2002, ten days after entry of the Judgment and Sentence.[1] *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. The statutory year began to run the next day on January 15, 2002, and it expired on January 15, 2003. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence

---

[1] January 12, 2002 was a Saturday, so the conviction was final on Monday, January 14, 2002. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

becomes final and ends on the anniversary date). This habeas corpus petition, filed on February 22, 2022, was untimely.

## II.   Tolling Under 28 U.S.C. § 2244(d)(2)

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief of other collateral review of the judgment at issue is pending. On May 25, 2021, Petitioner filed an application for post-conviction relief in the Muskogee County District Court (Dkt. 12-3). He argued therein that he "is a person other than Indian" who is subject to the 1866 treaty between the United States and the Muscogee (Creek) Nation. *Id.* at 3. He claimed the treaty rendered Oklahoma's courts without jurisdiction to try him. *Id.* at 3. Petitioner's post-conviction application and petition do not allege that he or either of his victims were recognized as Indians at the time of the murders (Dkt. 12-3; Dkt. 3 at 5). *See* 18 U.S.C. §§ 1151-53 (granting federal jurisdiction over crimes in Indian Country involving Indians).

The state district court issued an order denying post-conviction relief on June 22, 2021, finding that "Petitioner has stated that he is not an Indian and has not provided any supporting documentation or authority under which this Court could grant relief." (Dkt. 12-4 at 2). The Oklahoma Court of Criminal Appeals affirmed in a summary order on October 15, 2021. *Harris v. State*, No. PC-2021-690 (Okla. Crim. App. Oct. 15, 2021) (unpublished) (Dkt. 12-5). Because Petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling under § 2244(d)(2). *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

**III. Tolling pursuant to 2244(d)(1)(D)**

Petitioner claims his petition is timely under § 2244(d)(1)(D). In an attempt to challenge his convictions from 2001 with a treaty from 1866, he alleges that *McGirt* provided a new factual predicate (Dkt. 3 at 6).[2] This allegation fails for two reasons. First, while *McGirt* may have alerted Petitioner to the potential legal significance of the 1866 treaty between the United States and the Muscogee Nation, he could have discovered these facts through due diligence well before his convictions became final. Second, even if *McGirt* functioned in such a way, the claim still is untimely under § 2244(d)(1)(D).

In an attempt to demonstrate the timeliness of the petition, Petitioner claims he is "filing within one year that the . . . factual predicate of my claim (*See McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020)) excluding time to exhaust State remedies through post-conviction proceedings)" (Dkt. 3 at 13). AEDPA does allow for a commencement date to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The focal point of analysis under § 2244(d)(1)(D), however, is not whether the petitioner understood the legal significance of any given fact. Instead, the focus concerns whether the petitioner knew of the facts underlying his claim or could have learned of those facts with the exercise of due diligence. *See Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (unpublished) (citing *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000)). *See also Donahue v. Harding*, 2021 WL 4714662, at *5 (W.D. Okla. September 15, 2021) (unpublished) ("[E]ven if the *McGirt* decision alerted Petitioner to the legal significance of his tribal membership and the location of the crimes, it does not trigger a new starting date

---

[2] Petitioner does not claim any State action impeded his filing. *See* 29 U.S.C. § 2244(d)(1)(B). He also does not assert that *McGirt* announced a newly-recognized constitutional right, made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C).

under § 2244(d)(1)(D)."). Indeed, to allow any new court decision to create a new "factual" predicate under § 2254(d)(1)(D) would create a maneuver around § 2254(d)(1)(C), which creates a new triggering date only where the Supreme Court recognizes a new, retroactive constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). Thus, the question is whether Petitioner was aware of the facts underlying his claim or could have learned those facts with the exercise of due diligence.

In *Stiltner v. Nunn*, No. 21-CV-374-GKF-CDL, 2022 WL 951997 (N.D. Okla. Mar. 29, 2022), the petitioner contended the *McGirt* decision created a new factual predicate, because the state and federal authorities operated in a manner inconsistent with the Muscogee Reservation's continued existence. *Stiltner*, 2022 WL 951997, at *5. The district court rejected this argument, finding that even if "*McGirt* decided a fact necessary to his claim-- namely, the fact that the location where he committed his crimes is within the boundaries of the Muscogee (Creek) Nation Reservation--this argument ignores the remaining of language in § 2244(d)(1)(D)." *Id.*

> Critically, this provision focuses on when a petitioner exercising reasonable diligence "could have" discovered the factual predicate of his or her claim, not when a specific petitioner actually discovered the factual predicate of his or her claim. *See Madrid v. Wilson*, 590 F. App'x 773, 776 (10th Cir. 2014) (unpublished)6 (explaining that § 2244(d)(1)(D)'s reasonable-diligence requirement is "an 'objective standard' that refers to when a plaintiff 'could have' discovered the pertinent facts, not when she [or he] actually discovered them" (quoting *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012)).

*Id.*

Like the petitioner in *Stiltner*, Petitioner's sole ground for relief relies upon "treaties between [the] Muscogee (Creek) Nation and the United States (Dkt. 3 at 5). The treaty at issue here has existed in the public record for more than a century. *See* Treaty with the Creek Nation of Indians, June 14, 1866, 14 Stat. 786. Petitioner cannot rely upon § 2244(d)(1)(D) to set a new commencement date, because a reasonably diligent petitioner could have raised

the instant claim well before his conviction became final in 2001.

## IV.    Equitable tolling

Petitioner fails to allege or argue equitable tolling. Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). The petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to equitable tolling.

## V.    Certificate of Appealability

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 11) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 15th day of February 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma